```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                     FORT WAYNE BEND DIVISION
```

```
LINDSY MARIE PELLATON,         )
                               )
Plaintiff,                     )
                               )   CAUSE NO.  1:12-CV-175
     v.                        )
                               )
COMMISSIONER OF SOCIAL         )
SECURITY,                      )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed by defendant, Michael J. Astrue, Commissioner of Social Security, on September 11, 2012. (DE #13.) For the reasons set forth below, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the complaint **WITH PREJUDICE** and to **CLOSE** this case.

Defendant, Michael J. Astrue, Commissioner of Social Security ("Defendant"), moved to dismiss this case on the ground that the action is barred by the time limitation specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Specifically, Defendant argues that plaintiff, Lindsy Marie Batiz Pellaton ("Plaintiff"), failed to commence the action within sixty-five days after receipt of the Commissioner's final decision and did not allege any other permissible basis for the Court to extend the deadline.

On December 3, 2012, in the spirit of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), Magistrate Judge Roger B. Cosbey notified Plaintiff that she was obligated to respond to Defendant's Motion to Dismiss within twenty-one days of the date of the order or risk dismissal. (DE #15.)  To date, Plaintiff has not filed a response.

After due consideration, the Court concurs with Defendant that Plaintiff's case is barred by the sixty day limitation specified in section 205(g) of the Act.  The Appeals Council notice of the denial of request for review was dated and mailed to Plaintiff on February 16, 2012.  (See DE #14, pp. 25-31.)  The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Counsel.  *See* 20 C.F.R. §§ 416.1401, 422.210(c).  Based on this date, Plaintiff must have filed a civil action on or before April 21, 2012.  However, Plaintiff did not file her complaint until May 30, 2012.  Because the complaint is untimely and Plaintiff has not responded by putting forth any circumstance justifying the extension of the time to file, the Court hereby **GRANTS** the motion.

**DATED: January 17, 2013**           **/s/RUDY LOZANO, Judge**
                                       **United States District Court**

2